UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
VALERIE HAVEN,

                               Plaintiffs,

   -against-

MARLTON HOTEL OPERATING LLC
And SEAN MACPHERSON d/b/a
MARLTON HOTEL OPERATING LLC



                               Defendants.
-------------------------------------------------------------X

**VERIFIED COMPLAINT**

**Docket No. 1:23-cv-7854**

Plaintiff Demands
Trial by Jury

Plaintiff, VALERIE HAVEN as and for her COMPLAINT herein states as Follows:

## THE PARTIES

1. Valerie Haven is a resident of the State of Massachusetts.

2. Defendant MARLTON HOTEL OPERATING LLC (herein after "HOTEL") is a domestic business corporation which at all times relevant to the plaintiff's claims in this action has been authorized to transact business in the City and State of New York and as of the date of the commencement of this action designated its principal place of business as 5 W. 8th Street New York, New York 10011 within its filings with the New York Secretary of State.

3. Defendant Sean MacPherson d/b/a MARLTON HOTEL OPERATING LLC LLC (hereinafter "MACPHERSON") transacts business in the City and State of New York and as of the date of the commencement of this action designated his place of business as 5 W. 8th Street New York, New York 10011 within its filings with the New York Secretary of State.

4. Upon information and belief, and at all relevant times herein, and on February 19, 2022, Defendants, HOTEL and MACPHERSON, owned the Subject MARLTON HOTEL.

5. Upon information and belief, and at all relevant times, and particularly on

2

February 19, 2022, Defendants, HOTEL and MACPHERSON, by their agents, servants, representatives and/or employees operated the afore-described, Marlton Hotel premises at 5 W. 8th Street New York, New York 10011.

6. Upon information and belief, and at all relevant times herein, and on February 19, 2022, Defendants, HOTEL and MACPHERSON were responsible for the maintenance of the Marlton Hotel located at 5 W. 8th Street New York, New York 10011 and to render it safe for people lawfully on the premises, especially its registered guests with visual impairments.

## JURISDICTION AND VENUE

7. Jurisdiction is based up 28 U.S.C. 1332 by reason of the diversity of citizenship of the parties and the Plaintiff's claims exceed $75,000 exclusive of interests and costs.

8. Venue is properly laid in this Court by virtue of the fact that the Defendants' business premises is located in Manhattan and the cause of action giving rise to the Plaintiff's claims arose in Defendants' hotel premises.

## CAUSE OF ACTION BASED UPON DEFENDANTS' NEGLIGENCE

9. On February 19, 2022, Valerie Haven, age 67, with visual impairments, was a paying and registered guest at the Defendants' hotel when she fell down a flight of stairs from the 8th floor area where passenger elevator and stairs were located.

10. The location from which the plaintiff fell was inherently dangerous and unsafe by reason of its design and the Defendants' failure to render it safe for guests, especially guests with visual impairment.

11. Upon information and belief in or about 2012, the defendants made substantial alterations and renovations in all areas of the hotel and thereafter, advertised that it "welcomes guests of all abilities" including guests with visual disabilities and impairments.

12. Defendants' website and promotional materials contain an "Accessibility Statement" which includes an admission that it "welcomes guests" with visual impairments stating among other things, that among its "Property Features" for example, that its elevators are operable with "braille" instructions.

13. Defendant was negligent and operated its hotel in violation of the 1991 Title III of the Standards for Accessible Design in Appendix A to Part 36 of the Americans with Disabilities Act as amended by maintaining its hotel premises with inherently dangerous conditions, especially for the visually impaired, such as in areas where stairs and elevators are located for guest use.

14. Defendants' hotel was unsafe and dangerous, and in particular for visually impaired guests like the Plaintiff, because by reason of its design the elevator/stair access areas, including the eighth floor landing, where the elevator, stairs and doors leading to the guest room areas are located is too narrow and too confining to permit safe movement in the area, lacked any functional tactile floor platform surfaces to warn guests that they were at or near the top of the stairs such that they might fall down the stairs if, knowingly or not, they moved in the direction of the "down" stairs, failed to have any door, guard or alternative protective device to prevent a guest from falling down the stairs if they moved too close to the stairs. (Exhibit 1-Photo) and failed to warn guests about the dangerous condition so they would be aware of the hazard and obtain assistance from hotel staff if they so desired, all to prevent injury.

15. Defendants were further negligent in allowing and permitting such dangerous conditions to exist when the defendants had both notice and knowledge or in the exercise of reasonable care, could and should have had knowledge of such dangerous condition; and in failing to anticipate that persons with visual impairments could sustain physical injury by reason of the aforesaid hazardous conditions.

16. Defendants' negligence described above was the proximate cause of the Plaintiff's injuries.

17. Plaintiff suffered a serious injury as defined in Section 5102(d) of the Insurance Law of the State of New York. As a result of the Defendants' negligence and plaintiff's fall she was removed from the hotel to Bellevue hospital in an unconscious state having sustained a traumatic brain injury, was diagnosed as having a C-1 cervical fracture, lacerations and bruises and continues to suffer pain and discomfort as well as significant modification and adjustment of the mobility skills she developed to deal with her visual limitations.

18. The limitations on liability set forth in Section 1601 of New York's CPLR do not apply to this action by reason of one or more of the exceptions set forth within Section 1602 of the CPLR, including but not limited to Section 1602(7).

**WHEREFORE**, Plaintiff demands judgment from the defendants in the amount of $1,500,000 together with costs and disbursements of this action and any and all other relief this Court may find just and proper.

Dated:  New York, NY
            September 5, 2023

Respectfully Submitted,

KREINDLER & KREINDLER LLP

<u>/s/ *MARC S. MOLLER*</u>
MARC S. MOLLER, ESQ. (1557784)
KREINDLER & KREINDLER LLP
*Attorneys for Plaintiffs*
485 Lexington Avenue
New York, New York 10017
(212) 973-3447
mmoller@kreindler.com

## VERIFICATION

MARC S. MOLLER, ESQ., a member of Kreindler & Kreindler LLP, being duly sworn, states that he is the attorney for Plaintiffs in this action and that the foregoing COMPLAINT is true to his own knowledge, except as to matters therein stated on information and belief and as to those matters he believes it to be true; that the grounds of his belief as to all matters not stated upon his knowledge are correspondence and other writings furnished to him by Plaintiff and that the reason why the verification is not made by Plaintiff is that Plaintiff does not reside within New York County.

*[signature]*

Sworn to me before
5th day of September 2023

*[signature]*
Notary Public

ARCADIO SERRANO
Notary Public, State of New York
No. 01SE6369362
Qualified in Westchester County
My Commission Expires Jan. 8, 2026